**Rothman v. Sacred Heart Hospital**

Charles K. Plotnick, of *Hurowitz and Plotnick*, for plaintiff.

J. Paul Erwin, Jr., of *White and Williams*, for defendant.

MOSS, *J.*, June 18, 1979—In this action, we are required to decide whether the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et seq., applies to cases of injuries to patients sustained by reason of a dangerous condition negligently created in the treatment of another patient but which allegedly negligently caused a hazard to plaintiff from which cause she suffered personal injuries.

Plaintiff in her complaint alleges that while she was a patient in a room in defendant's hospital, leaky icebags used to treat another patient in her hospital room created a wet floor; that such condition caused plaintiff to slip, fall and suffer personal injuries.

Defendant filed preliminary objections to the complaint. Defendant contends that the aforesaid act confers "original exclusive jurisdiction" solely in arbitration panels and by its express provisions excludes the court of common pleas from taking original jurisdiction: 40 P.S. §1309.309.

The act, at 40 P.S. §1301.401, provides that: "A patient . . . having a claim for loss or damages resulting from the furnishing of medical services which were or which should have been provided, shall file with the administrator a complaint . . ."

"Patient" is defined as a "natural person who receives or should have received health care from a licensed health care provider." 40 P.S. §1301.103. "Health care provider" includes hospitals.

The act plainly is intended to cover *all* cases of alleged malpractice, whether in the realm of advanced medical technocracy or in the common work-a-day routine, by a hospital respecting the care of its patients. The course of the treatment of one patient may cause a slippery floor to develop, thus constituting negligence as to another patient occupying the same hospital room. The pleadings in this case make it appear that the treatment as to the other patient was negligent as to the plaintiff whose injuries were reasonably foreseeable. Part of the health care furnished by a hospital is the supplying of a room or part of a room for temporary use of the patient. Damages flowing from the hospital's negligence of omission or commission in furnishing such care must be claimed under the act, supra.

The act has been adjudged constitutional and otherwise lawful, notwithstanding a dissenter's criticism that it is "an unworkable mess:" Parker v. Children's Hospital of Phila., 483 Pa. 106, 394 A. 2d 932 (1978). The act applies and plaintiff must file her complaint with the officer appointed to administer the act, and seek to obtain a remedy under the act. Otherwise, she is barred from proceeding with an action at law.

## ORDER

And now, June 18, 1979, the preliminary objections to the complaint are sustained without prejudice to the right of plaintiff to resort to such procedures as are available under the Health Care Services Malpractice Act.